UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

THE CITY OF EAST PROVIDENCE

    v.                                C.A. No. 010-199-ML

FIRST AMERICAN TITLE INSURANCE

COMPANY

**MEMORANDUM AND ORDER**

    The City of East Providence (the "City") seeks coverage under two title insurance policies issued to the City by First American Title Insurance Company ("First American"). The matter before the Court is the City's objection to a Report and Recommendation ("R&R") issued by Magistrate Judge David L. Martin on October 13, 2011. For the reasons that follow, the Court herewith adopts the R&R in its entirety. The City's motion for summary judgment is denied and First American's motion for summary judgment is granted.

I. Background[1]

    In September 2003, the City entered a number of agreements with GeoNova Development Company, LLC ("GeoNova") with respect to certain waterfront property (the "Property") in East Providence which GeoNova intended to remediate and develop (the "Project").

---

[1] In light of the detailed and comprehensive R&R, the Court provides only a brief summary of pertinent facts to which the parties have stipulated. See Agreed Statement of Facts (Docket No. 17).

1

GeoNova, which had the right to purchase the property from its then owner PIMAG Aktiengesellschaft ("PIMAG"), sought from the City assistance in the financing of the Project. The City obtained a $2.0 million grant and a $3.0 million loan from HUD, both of which were subject to the City taking ownership of the Property. After PIMAG transferred fee simple ownership of the Property to the City pursuant to a warranty deed, GeoNova and the City executed a number of agreements (the "Agreements") to structure the relationship between the parties. The City extended the $3.0 million HUD loan to GeoNova and made a conditional grant to GeoNova of the $2.0 million HUD grant. The City also agreed to lease the Property to GeoNova and to transfer title to the Property to GeoNova over time, subject to GeoNova's fulfillment of certain obligations within a five year period. On its part, GeoNova agreed to complete construction of 75,000 square feet of commercial space and to create at least 145 permanent jobs by September 2008. In connection with execution of the Agreements, First American issued a commitment and two title policies (the "Policies") to the City.

After GeoNova defaulted on all its obligations, the City served notice of default on GeoNova in February 2009 and terminated the ground lease in June 2009. In response, GeoNova filed suit against the City, claiming to be the beneficial owner of the Property. At the same time, GeoNova filed a *lis pendens* against the Property. The City, on its part, filed a counterclaim against

GeoNova, asserting that it owned the Property in fee simple and that GeoNova held no interest therein because it had defaulted on all its obligations under the Agreements.

Subsequently, the City requested that First American defend and indemnify it in the GeoNova suit. First American refused to provide coverage, asserting that GeoNova's claims were not covered under the terms of the Policies and/or were expressly excluded from coverage by a particular provision. The City filed a declaratory judgment action against First American in Rhode Island state court, which First American removed to this Court. After the Court severed the City's bad faith claim against First American, the parties filed cross motions for summary judgment.

The Court referred the motions to Magistrate Judge David L. Martin for his preliminary review, findings, and recommended disposition. See 28 U.S. § 636(b); Local Rule LR Cv 72. The Magistrate Judge conducted a formal hearing, in which the parties argued their respective positions, and took the matter under advisement. Following the issuance of a 24-page R&R on October 13, 2011, in which the Magistrate Judge recommended that the City's motion be denied and that First American's motion be granted, the City filed an objection thereto. First American filed a response.

II. Standard of Review

The Court, in reviewing a magistrate judge's recommendation, makes "a *de novo* determination of those portions of the report or

3

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2009). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see also Fed. R. Civ. P. 72(b)(3). When reviewing a magistrate judge's determination, the district court is required to review and weigh the evidence presented to the magistrate judge. United States v. Raddatz, 447 U.S. 667, 675, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

III. Discussion

In its objection, the City asserts that the Magistrate Judge erred in (1) characterizing GeoNova's claim as a breach of contract; (2) holding that GeoNova's claim fell within the "assumed or agreed" exclusion in the Policies; and (3) failing to construe the Policy exclusion against First American. Obj. to R&R 1, Mem. 1.

With respect to the City's first objection, the Court has reviewed GeoNova's complaint and the City's answer and counterclaims and it agrees with the conclusion by the Magistrate Judge that "none of GeoNova's claims can be decided without the [state] court determining whether GeoNova has breached the contracts [between it and the City]." R&R 12. Although GeoNova's complaint, on its face, seeks declaratory relief, GeoNova really requests a determination of both parties' obligations under the Agreements. Likewise, the City's counterclaims assert that GeoNova

has breached the various Agreements between the parties and that GeoNova, by filing a *lis pendens* against the Property, has slandered the City's title thereto. In sum, the GeoNova litigation "is, at its core, a claim for breach of contract." R&R 14. As such, the GeoNova litigation is not covered by the Policies, which limit coverage to

> 1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
> 2. Any defect in or lien or encumbrance on the title;
> 3. Unmarketability of the title;
> 4. Lack of a right of access to and from the land. See Owner Policy 1, Loan Policy 1.

With respect to the City's second objection regarding applicability of the "assumed or agree" exclusion to GeoNova's claims, the Court agrees with the Magistrate Judge that any problem in the City's title to the Property is the result of a defect "created, suffered, assumed or agreed to" by the City. Nothing in the record indicates that the City's title suffered from a defect at the time the City acquired the Property or when it entered the Agreements with GeoNova. Since then, GeoNova has taken the position that, by virtue of the Agreements, the City agreed to hold title to the Property only as a nominee for GeoNova and that GeoNova was intended to be the equitable or beneficial owner of the Property. The Development and Financing Agreement ("DFA") between the City and GeoNova provides that "[s]ubject to compliance by

5

GeoNova with all terms, conditions and requirements of this Agreement and the other Operative Documents, <u>the City will acquire title to the Property as nominee for GeoNova</u> subject to all applicable provisions thereof..." DFA 12, ¶ 9(a) (emphasis added). In other words, GeoNova relies, in its assertion to beneficial ownership of the Property, on a contractual provision to which the City agreed.

Generally, courts which have addressed the "assumed or agreed" exclusion in title policies have held that an "'insurer can escape liability only if it is established that the defect, lien or encumbrance resulted from some intentional misconduct or inequitable dealings by the insured or the insured either expressly or impliedly assumed or agreed to the defects or encumbrances.'" <u>American Title Ins. Co. v. East West Fin.</u>, 16 F.3d 449, 455 (1st Cir. 1994)(quoting <u>Brown v. St. Paul Title Ins. Corp.</u>, 634 F.2d 1103, 1108 n. 8 (8th Cir. 1980)). Courts are more likely to find an exclusion where "[t]o hold otherwise would give the insured an unwarranted windfall." <u>Brown v. St. Paul Title Ins. Corp.</u>, 634 F.2d at 1110.

In this case, it is undisputed that the City, although it may not have intended to create a defect in the title, deliberately engaged in a transaction that provided a basis for claims against such title. To impose liability on the insurer under these circumstances would be to impose the cost of litigating a complex

6

business transaction on First American for the price of insuring that the City had good title to the Property at the time it entered the Agreements with GeoNova. Such outcome is neither indicated by the provisions in the Policies nor by the intended purpose of title insurance. See, e.g., Sheils Title Co., Inc. v. Commonwealth Land Title Ins. Co., 184 F.3d 10, 16 ("[T]he reality of title insurance is that it insures failures to discover *existing* flaws or defects in title.")(emphasis in original).

Finally, with respect to the City's third objection, that the Magistrate Judge failed to construe the exclusion provision against the insurer, no extended discussion is required. The Policies exclude from coverage any "loss or damage, costs, attorney's fees or expenses which arise by reason of . . . [d]efects, liens, encumbrances, adverse claims or other matters . . . created, suffered, assumed or agreed to by the insured claimant." Owner and Loan Policy, Exclusion 3. Although the City urges an interpretation that would bring it within coverage under the Policies, namely that the resulting defect itself must have been intended by the insured to trigger the exclusion, no such interpretation is warranted by the express terms of the Policies.

Accordingly, based on its review of the R&R, the City's objection, and First American's response, this Court finds that the Magistrate Judge's recitation of the undisputed facts and his application of pertinent case law are both sound and fully

supported by the record.

As previously noted, the City's bad faith claim was severed before the parties filed their motions for summary judgment. It is established law in Rhode Island that "a plaintiff must first show that he or she is entitled to recover on the contract before he or she can prove that the insurer dealt with him or her in bad faith." Zarrella v. Minnesota Mut. Life Ins. Co., 824 A.2d 1249, 1261 (R.I. 2003). Based on the Court's conclusion that no coverage exists in this case, the City's bad faith claim asserted in Count II of the complaint is without merit.

## Conclusion

For the foregoing reasons, the City's objection to the R&R is DENIED and the Court adopts the R&R in the entirety. The City's motion for summary judgment is DENIED. First American's motion for summary judgment is GRANTED. The Court declares that the claim asserted by the City is not covered under the terms of the Policies and the clerk is directed to enter judgment in favor of First American as to its counterclaim.

SO ORDERED.


/s/ Mary M. Lisi

Mary M. Lisi
Chief United States District Judge

November 14, 2011